FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 2 3 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JAMES RUTHERFORD | ) |
| Plaintiff, | ) 15cv1682 |
| | ) Judge Jorge L. Alonso |
| v. | ) Magistrate Judge Daniel G. Martin |
| JOSE MERLOS, JESSE MERLOS dba JESSE'S MEXICAN GRILL and FUNG YEE TAM | ) |
| Defendants, | ) JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, James Rutherford, ("RUTHERFORD") a disabled person as defined by the ADA, for his complaint against JESSE'S MEXICAN GRILL, JOSE MERLOS, JESSE MERLOS, (" MERLOS") and FUNG YEE TAM ("TAM") alleges as follows:

### Introduction

1.  Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

### Jurisdiction

2.  Jurisdiction for this action is founded upon 28 U.S.C. §§ 1331, 1343 (3) and 42 U.S.C. §12188 (a) (1).

### Venue

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391 as the claim arose and Defendants do business in the city of Chicago, Illinois.

1

## Parties

4. Plaintiff Rutherford is a resident of Illinois. He is an individual with a disability within the meaning of the ADA due to an arthritic condition in his fingers and hands and a mobility disability that substantially limits one or more of his major life activities ; walking. Plaintiff Rutherford has been issued a Permanently Disabled Handicapped Placard from the State of Illinois.

5. Defendant Jesse's Mexican Grill is a restaurant located at 6950 N. Western Ave. Chicago, IL 60645, and is, on information and belief, a Sole Proprietorship.

6. Defendants Jose Merlos and Jesse Merlos, on information and belief, own, lease, control and or operate Jesse's Mexican Grill. Jesse's Mexican Grill serves food and drink. Rutherford and other people with mobility disabilities are not able to access Jesse's Mexican Grill due to architectural barriers to access set forth herein in greater detail.

7. Jesse's Mexican Grill is a place of public accommodation within the meaning of Title III of the ADA.

8. Defendant Fung Yee Tam, on information and belief, is the owner of the property located at 6950 N. Western Ave. Chicago IL. Defendant Fung Yee Tam is the lessor of the property known as Jesse's Mexican Grill and consequently is jointly responsible with other Defendants for compliance with the ADA pursuant to 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201 (b).

## COUNT 1
### (Violation of the ADA)

9. Plaintiff hereby incorporates by reference Paragraphs 1 through 8 above.

10. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201 (a), Congress intended for no place of accommodation to discriminate against an individual on the basis of such individual's

2

disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of accommodation.

11. Plaintiff Rutherford has a realistic, credible, existing and continuing threat of discrimination from Defendant non-compliance with the ADA with respect to the property as described herein, but not necessarily limited to the allegations contained in paragraph 12 below.

12. Plaintiff Rutherford, on at least one occasion, attempted to access or use the Defendant Jesse's Mexican Grill facilities to avail himself of the goods and services available there and to assure himself that the property is compliant with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff Rutherford was unable to access or use the facilities because:

Doors

(a) The men's restroom entrance door and the main entrance doors do not have a handle which "does not require tight grasping, tight pinching, or twisting of the wrist to operate," in violation of Section 4.13.9 of the "ADA Standards for Accessible Design" ("ADAAG"), 28 CFR Part 36, which is incorporated by reference into 42 U.S.C. §12101 *et seq.*;

(b) The entrance door to the men's restroom is approximately 26 inches wide which, when opened 90 degrees, is less than 32 inches wide in violation of section 4.13.5, which makes it both difficult and hazardous for Plaintiff to attempt to enter through the doorway using his walker.

Water Closets

(c) The clear floor space is less than 56 inches in length in violation of section 4.16.2.

(d) The water closet is not located 18 inches to center from the nearest wall per section 4.16.2 (Fig 28).

3

(e)  Toilet stall is not on an accessible route per 4.17.1.

(f)  There is insufficient clear floor space per 4.22.3.

Grab Bars

(g)  Two grab bars are required per section 4.16.4, but only one is installed and it is mounted 27 inches high instead of 36 inches as required by 4.16.4, making it very difficult and potentially hazardous to get on and off the water closet.

Lavatories and Mirrors

(h)  Height and clearances do not comply with section 4.19.2.

(i)  Clear floor space is not provided per section 4.19.3.

(j)  Mirrors do not comply with section 4.19.6.

Sinks

(k)  A clear floor space of at least 30 x 48 inches is not provided per section 4.24.5.

Sales and Service Counter

(l)  The height of the sales counter exceeds 36 inches in violation of section 7.2 (1).

13. On information and belief, sometime after January 1992, Defendants altered and or remodeled the mens restroom at Jesse's Mexican Grill by replacing at least the men's restroom plumbing fixtures including the sink. Defendants did not make the above alterations or the path of travel to the restroom accessible to persons with disabilities as required by the ADA.

14. The discriminatory violations described above in paragraph 12 are not an exclusive list of the Defendants ADA violations.

15. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations by any person who owns, leases or operates a place of public

accommodation. Discrimination under the ADA includes a failure to render a public accommodation accessible to individuals with disabilities and a failure to remove architectural barriers preventing their access to and use of the facility.

16. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that existed prior to January 25, 1993, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendants place of accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use mobility devices, 28 C.F.R. 36.402; and finally, if the Defendants facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 C.F.R. 36.401, then the Defendant' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Defendants Jesse's Mexican Grill, Jose Merlos, Jesse Merlos and Fung Yee Tam have violated Title III of the ADA by their failure to render a public accommodation accessible to individuals with disabilities and their failure to remove architectural barriers preventing access to, and use of, their facility.

18. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff Rutherford plans to return to Jesse's Mexican Grill to avail himself of the goods and services there as well as to ensure that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19. Plaintiff has a realistic, credible, existing and continuing threat of discrimination

from the Defendants non-compliance with the ADA with respect to the property as described above in paragraph 12 of this complaint.

20. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

21. Pursuant to 42 U.S.C. §12188, this Court has authority to grant Plaintiff injunctive relief including an order to alter Jesse's Mexican Grill to make the entire facility accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

(a) Enter judgment declaring that Defendants have violated and are continuing to violate the ADA;

(b) Enter an injunction ordering Defendants to (1) cease violating the ADA and (2) to bring their facilities into full compliance with the ADA;

(c) Award compensatory damages in such an amount as the Court finds just and proper;

(d) Grant Plaintiff his costs and litigation expenses incurred in the prosecution of this action, and;

(e) Grant such further relief as the Court deems just and proper and/or is allowable under Title III of the ADA.

Dated: February 12, 2015

Respectfully submitted,

JAMES RUTHERFORD, Plaintiff

By *[signature]*

James Rutherford PRO SE

James Rutherford
PO Box 1673
Elk Grove Village, Illinois 60009
1.774.260.5772
Jim@a4ea.com

*/s/ James Rutherford*